## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ARMANDO GONZALES,

      Petitioner,

                                      CASE NO. 5:13-CV-14491

v.                               HONORABLE JOHN CORBETT O'MEARA
                                    UNITED STATES DISTRICT JUDGE

JEFF LARSON,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Armando Gonzales, (Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for felonious assault, M.C.L.A. 750.82; felon in possession of a firearm, M.C.L.A. 750.224f; two counts of felony-firearm, M.C.L.A. 750.227b; and being a third felony habitual offender, M.C.L.A. 769.11.  For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

### I.  Background

      Petitioner's conviction arises out of a police standoff at his house in Saginaw, Michigan on July 30, 2009.  Petitioner lived at his home with his wife and his disabled sister.  Gonzales admitted, under oath at his guilty plea hearing, that he got into

an altercation with his wife, which caused her to call the police. (Plea Tr., pp. 7-8). Over ten police officers from the Saginaw Police Department responded and surrounded the house, leading to an eight hour standoff. (Sen. Tr., p. 17). Police did not fire at petitioner because they feared that they might hit petitioner's disabled sister. (*Id.,* p. 17). When police tried to enter the house through the back door, petitioner fired his shotgun at them through the door. (Plea Tr., pp. 9-10). The shotgun blast narrowly missed hitting the police chief and several other officers. (Sen. Tr., p. 17).

Petitioner pleaded guilty to the felonious assault, felon in possession of a firearm, and the felony-firearm charges in the Saginaw County Circuit Court, in exchange for the prosecutor's agreement to dismiss a charge of carrying a dangerous weapon with unlawful intent and a charge of domestic violence, third offense. Petitioner was sentenced to concurrent sentences of five years, four months to eight years for the felonious assault conviction and six years, eight months to ten years on the felon in possession of a firearm conviction. Petitioner received a consecutive two year prison sentence for the felony-firearm convictions.

Petitioner's conviction was affirmed on appeal. *People v. Gonzales,* No. 300302 (Mich.Ct.App. October 29, 2010); *lv. den.* 489 Mich. 897, 796 N.W.2d 74 (2011). Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* which was denied. *People v. Gonzales,* No. 09-033063-FH (Saginaw County Circuit Court, October 21, 2011). The Michigan appellate courts denied petitioner leave to appeal. *People v. Gonzales*, No. 308431 (Mich.Ct.App. June 19, 2012);

2

*lv. den*. 493 Mich. 893, 822 N.W.2d 588 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court failed to provide a concise statement of reasons for the denial of Gonzales's motion for relief from judgment, in violation of Mich. Ct. R. 6.504(B)(2), where the trial court said only that his claims were a re-argument of what occurred at sentencing and that his issues were raised on appeal or without merit.

II. Gonzales has shown good cause and actual prejudice under Mich. Ct. R. 6.508(D) by showing ineffective assistance of appellate counsel. The court did not say why it found these claims to be without merit.

III. Gonzales's sentence is based on inaccurate information, in violation of due process.

IV. Gonzales's Presentence Investigation Report lacks information required by statute.

V. Trial counsel was constitutionally ineffective for failing to investigate the direction of the gunshot, for failing to object to all of the sentencing court's erroneous factual findings, and for failing to object to the deficiencies in the PSIR.

VI. Appellate counsel was ineffective for failing to raise the foregoing claims on direct appeal.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

3

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

4

disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the  Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal

5

court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III. Discussion

### A. Claims # 1 and # 2. The claims involving the state court's deficient adjudication of petitioner's post-conviction motion.

In his first claim, petitioner contends that the state trial court did not provide a concise statement of reasons for denying his post-conviction motion for relief from judgment, as required by M.C.R. 6.504(B)(2). As part of his second claim, petitioner contends that the trial court failed to state why his post-conviction claims lacked merit.

Petitioner's claims that the Michigan courts wrongfully denied him post-conviction relief are non-cognizable. This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of

6

habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F. 2d 245, 246 (6th Cir. 1986)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 247). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted). Petitioner is not entitled to habeas relief on these claims.

### B. Claim # 3. The inaccurate sentencing information claim.

Petitioner next claims that the sentencing judge used inaccurate information as the basis to depart above the recommended minimum sentencing guidelines range.

At the outset, this Court notes that petitioner's sentences were within the statutory maximum set under Michigan law for the offenses that he was convicted of. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp.2d 788, 797 (E.D.Mich.1999). A sentence within the statutory maximum set by statute does not

7

normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Generally, federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute. *Allen v. Stovall*, 156 F. Supp. 2d 791, 795 (E.D. Mich. 2001).

To the extent that petitioner is merely arguing that the judge improperly departed above the sentencing guidelines range, he would not be entitled to habeas relief. It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *Payne v. Smith,* 207 F. Supp. 2d 627, 640 (E.D. Mich. 2002). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. See *Austin*, 213 F. 3d at 301; See also *Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).

To the extent that petitioner claims that the judge used inaccurate information to sentence him, he would not be entitled to habeas relief. Petitioner contends that the judge, in departing above the sentencing guidelines, used false information in imposing

8

sentence.  Petitioner specifically claims that the judge erroneously concluded that there were more than ten victims.  Petitioner further contends that the judge wrongly concluded that petitioner's disabled sister should be considered a victim, who had suffered psychological harm from the standoff.  Petitioner further contends that the judge unfairly stated that petitioner would have had two additional prior domestic violence convictions had his wife not backed out of pursuing the prosecution of these cases.  Petitioner further contends that there was no evidence to support the judge's determination that the officers were nearly killed by petitioner's gunshot.  Finally, petitioner contends that the judge used the term "gunshots" fired by petitioner when, in fact, there was only one gunshot fired by petitioner.

A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. at 741 (stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law).  In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F. 2d 343, 345-346 (6th Cir. 1974); *Welch v. Burke*, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999).  Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit.

9

*Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

At the time of sentencing, petitioner's counsel objected to the scoring of Offense Variable (OV) 9 of the Michigan Sentencing Guidelines for ten or more victims, arguing that OV 9 should only be scored for two to nine victims. The prosecuting attorney argued that OV 9 was correctly scored, based on the fact that there were numerous police officers and civilians placed in danger by the standoff and petitioner's firing of the shotgun. (Sent. Tr., pp. 8-9). The judge rejected petitioner's objection. (*Id.,* p. 10). Petitioner's counsel also objected to petitioner receiving points under OV 10 for victim vulnerability with respect to his wife, on the ground that petitioner's wife had fled the house. The judge replied that OV 10 had been properly scored for petitioner's disabled sister. Defense counsel objected on the ground that petitioner had not threatened his sister. The judge rejected this objection, finding that petitioner's disabled sister was unable to escape the house due to her being handicapped and petitioner's act of running around the house with a gun had placed her in danger of being shot by the police. (*Id.* pp. 10-11). The judge further ruled that OV 4 of the sentencing guidelines had been correctly scored for psychological injury to petitioner's disabled sister. (*Id.,* p. 11).

In departing above the sentencing guidelines, the judge noted that petitioner had five prior felony convictions and two prior misdemeanor convictions and stated that this would have been higher if petitioner's wife had not backed out of prosecuting two prior domestic violence offenses. The judge further noted that the standoff lasted eight hours, during which petitioner's wife had to escape on her hands and knees out of the house

10

from what looked like "very certainly injury and possibly death" and leave behind

petitioner's disabled sister.   The judge further noted that the sentencing guidelines did

not take into account the "near killing" of the police chief and his officers.  The judge

further noted the large number of police officers and "witnesses" who were endangered

by petitioner.  The judge commended the police chief for his bravery in trying to open

the back door of the house only to be met by "gunshots." (*Id.,* pp. 16-19).

Petitioner contends that the trial court erred in scoring various offense variables

and/or in departing above the sentencing guidelines range, because the evidence relied

upon by the trial court was disputed.  However, this is insufficient to establish that

petitioner was sentenced on the basis of material false information in violation of his

right to due process under *Townsend* and *Tucker*.  Petitioner merely disagrees with the

factual findings made and inferences drawn by the trial judge.  However, as the Supreme

Court clearly indicated in *Townsend*, an alleged error by a sentencing court in resolving a

disputed factual question at sentencing does not constitute reliance on materially false

information:

> Nor do we mean that mere error in resolving a question of fact on a plea of
> guilty by an uncounseled defendant in a non-capital case would necessarily
> indicate a want of due process of law.  Fair prosecutors and conscientious
> judges sometimes are misinformed or draw inferences from conflicting
> evidence with which we would not agree.  But even an erroneous judgment,
> based on a scrupulous and diligent search for truth, may be due process of
> law.

*Townsend*, 334 U.S. at 741.  "Thus, what is essential is that the sentencing judge

decide upon the sentence after being made aware of all exculpatory evidence and of the

11

defendant's version of the story." *United States v. Von Saltzer*, 532 F. Supp. 584, 586 (D.Nev. 1982).  Petitioner, through counsel, objected to the scoring of the offense variables and presented his version of the facts.  The trial judge, based on the information available, drew inferences from the facts and made factual findings.  Although petitioner claims that he never intended to shoot any of the police officers or his sister, his actions clearly placed the large number of police officers, his neighbors, and his sister in great danger.  Although petitioner contends that he did not actually intend to kill any of the police officers, his act of firing a shotgun in their direction, particularly while the chief of police was near the back door of his house, created a high risk of death.  Although petitioner argues that the judge had no basis for stating that petitioner's wife had backed out of prosecuting him in his prior domestic assault charges, he has presented no evidence to this Court to contradict those findings.  Although petitioner disputes the judge's findings, he has offered nothing to show that they were materially false.  Petitioner, instead, challenges the inferences drawn by the judge from the facts in this case.  Because the trial court's factual findings at sentencing were based upon reasonable inferences from the evidence, including the pre-sentence report and petitioner's own statements at the plea and sentencing hearings, petitioner has failed to show that he was sentenced based on inaccurate information. *Skrzycki v. Lafler*, 347 F. Supp. 2d 448, 457 (E.D. Mich. 2004).  Petitioner is not entitled to relief on his third claim.

### C.  Claim # 4.  The pre-sentence investigation report claim.

12

Petitioner next claims that the pre-sentence investigation report (PSI) that was prepared in his case was inadequate because it did not contain a sentence recommendation or a prognosis for petitioner, as required by Michigan law.

There is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d at 797. Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Allen,* 156 F. Supp. 2d at 797. Moreover, to the extent that petitioner claims that the pre-sentence report did not contain the information required under Michigan law, this would be noncognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 Fed. Appx 207 (6th Cir. 2005).

Finally, even if petitioner's claim was cognizable, this Court notes that the pre-sentence investigation report that was prepared in this case contained a recommendation that petitioner be sentenced to prison. *See* Pre-Sentence Investigation Report. The PSI also indicated under the "Evaluation and Plan" section the positive and negative factors in petitioner's case, including his employment history, the fact that he was enrolled at Delta College, his lengthy criminal history, his history of domestic violence against his wife, the fact he was involved with an armed standoff with police for eight hours, and the fact that his actions put an entire neighborhood at risk for several hours. The PSI

13

further indicates that petitioner's wife had taken out a personal protection order against him.  The PSI indicated that petitioner had a history of substance abuse. [1]

Although the pre-sentence investigator did not explicitly discuss any alternatives to incarceration and petitioner's prognosis for success in any such program, the pre-sentence investigator recommended a prison sentence.  Implicit in the pre-sentence investigator's recommendation that petitioner be sentenced to prison was a rejection of alternatives to prison and thus the pre-sentence report in this case was sufficient to satisfy the statutory requirements of M.C.L.A. 771.14. *See People v. Arney,* 138 Mich. App. 764, 765-66; 360 N.W. 2d 291 (1984).  Because the PSI was adequate in this case, petitioner is not entitled to habeas relief on his claim.

### D.  Claims # 2, # 5, and # 6. The ineffective assistance of counsel claims.

In his second, fifth, and sixth claims, petitioner contends that he was denied the effective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the

---

[1]   *See* Pre-Sentence Investigation Report, attached as Attachment C to petitioner's application for leave to appeal before the Michigan Supreme Court. [this Court's Dkt. # 9-7].

wide range of reasonable professional assistance. *Id*.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. at 123)(quoting *Schriro v. Landrigan*, 550 U.S. at 473).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell

15

below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785.  Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785

In his fifth claim, petitioner first contends that his trial counsel was ineffective for failing to investigate the direction that he fired his shotgun.

To the extent that petitioner is claiming that trial counsel was ineffective for failing to investigate any potential defenses to the crimes that he was charged with, this claim has been waived by petitioner's plea of guilty.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 Fed. Appx. 307, 309 (6th Cir. 2001); *See also Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002).  Thus, any pre-plea ineffective assistance of counsel claim has been waived by petitioner's plea.

16

Petitioner further contends that trial counsel was ineffective at sentencing for failing to challenge the accuracy of the judge's factual findings at sentencing, including the direction in which petitioner had pointed his shotgun, as well as for failing to object to the pre-sentence investigation report's lack of a recommendation.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler,* 132 S. Ct. at 1386 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

This Court has already determined that the judge's factual findings in this case, including his finding that petitioner's act of discharging the shotgun had nearly killed the officers, were based upon reasonable inferences from the evidence.  Petitioner is not entitled to habeas relief on his claim that trial counsel was ineffective for failing to object to allegedly inaccurate information being used at sentencing, because he has failed to show that the judge relied on inaccurate information at sentencing. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 883 (E.D. Mich. 2002).

Petitioner next contends that trial counsel was ineffective for failing to object to the pre-sentence investigation report for being deficient for failing to include a recommendation or an evaluation and prognosis for petitioner.  As mentioned when

17

discussing petitioner's fourth claim, *supra*, the PSI did contain a recommendation as well as an "Evaluation and Plan" section.  Because the pre-sentence investigation report appears to be adequate, trial counsel was not ineffective for failing to object to its contents. *See e.g. Howard v. U.S.,* 743 F. 3d 459, 464-67 (6th Cir. 2014).

To the extent that petitioner claims that trial counsel was ineffective for failing to bring any mitigating factors to the sentencing judge's attention, petitioner acknowledges that his trial counsel brought up at sentencing that petitioner had enrolled in Delta College and mentioned the letters that had been written on petitioner's behalf concerning his otherwise non-violent character. (Sent. Tr., p. 14).  Because petitioner's counsel did offer some mitigation evidence on petitioner's behalf, petitioner is not entitled to relief on this claim. *See Martin v. Mitchell,* 280 F. 3d 594, 613 (6th Cir. 2002).

In his sixth claim, petitioner contends that appellate counsel was ineffective for failing to raise petitioner's other claims on his direct appeal.  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d at 676. Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in her handling of petitioner's direct appeal.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d at 798.

**V. ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

19

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


                                    s/John Corbett O'Meara
                                    United States District Judge
Date:  July 1, 2014


        I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 1, 2014, using the ECF system and/or ordinary mail.


                                    s/William Barkholz
                                    Case Manager

20